# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BOBBY A. HILL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-00928-LSC-JEO |
| JIM STUDDARD, et al., | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

The magistrate judge filed a report on September 12, 2019, recommending this action be dismissed without prejudice for the plaintiff's failure to prosecute. (Doc. 6). On September 20, 2019, the report and recommendation, mailed to the plaintiff at Kilby Correctional Facility, was returned by the Postal Service. (Doc. 7). A review of the Alabama Department of Corrections website indicates the plaintiff is no longer in state custody.

When the plaintiff filed his complaint, he agreed to provide the Clerk's Office with any changes to his address where case-related papers could be served. (Doc. 1 at 10). The plaintiff further stated he understood that his failure to keep a current address on file with the Clerk's Office may result in the dismissal of his case. (*Id.*). The plaintiff has failed to notify the Clerk Office of any change in his address.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **DISMISSES** this action **WITHOUT PREJUDICE** for the plaintiff's failure to prosecute.

For information regarding the cost of appeal, see the attached notice.

**DONE** AND **ORDERED** ON OCTOBER 3, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                                 In Replying Give Number
Clerk of Court                                                                 of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

David J. Smith
Clerk of Court

PLRA Notice